```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DIANA SOSA and PRINCELLA ESPINAT,          )
                                           )
                                           )   AMENDED COMPLAINT
                       Plaintiffs,         )
                                           )   JURY TRIAL DEMANDED
     -against-                             )
                                           )   17 Civ. 9753 (LGS) (SDA)
                                           )
THE CITY OF NEW YORK; POLICE               )
DETECTIVE MICHAEL DYE, Shield No. 2064;    )
POLICE OFFICER ISABELLA BYRNES, Shield     )
No. 13611; POLICE SERGEANT DAVID           )
CAMACHO, Shield No. 366; POLICE            )
DETECTIVE NATASHA YASIN, Shield No. 3340   )
(who was formerly Undercover Officer #UC0093); )
POLICE OFFICER "FNU" [FIRST NAME           )
UNKNOWN] ALEXANDER; JOHN DOE #1;           )
JOHN DOE # 2; JOHNDOE # 3; JOHN DOES and   )
RICHARD ROES,                              )
                                           )
                       Defendants.         )
-----------------------------------------------------------X
```

## PRELIMINARY STATEMENT

1.      This is a civil action in which the plaintiffs seek relief for the defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its First, Fourth and Fourteenth Amendments and by the laws and Constitution of the State of New York.  The plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3. The plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff DIANA SOSA filed a timely Notice of Claim with the Comptroller of the City of New York concerning her claim for malicious prosecution on November 7, 2016. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiffs at all times relevant herein were residents of the State of New York,

County of New York.  Plaintiffs are Latina.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants POLICE DETECTIVE MICHAEL DYE, POLICE OFFICER ISABELLA BYRNES, POLICE SERGEANT DAVID CAMACHO, POLICE DETECTIVE NATASHA YASIN, POLICE OFFICER "FNU" [FIRST NAME UNKNOWN] ALEXANDER, JOHN DOE #1, JOHN DOE # 2, JOHN DOE # 3, and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants POLICE DETECTIVE MICHAEL DYE, POLICE OFFICER ISABELLA BYRNES, POLICE SERGEANT DAVID CAMACHO, POLICE DETECTIVE NATASHA YASIN, POLICE OFFICER "FNU" [FIRST NAME UNKNOWN] ALEXANDER, JOHN DOE #1, JOHN DOE # 2, JOHN DOE # 3, and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and

were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE DETECTIVE MICHAEL DYE, POLICE OFFICER ISABELLA BYRNES, POLICE SERGEANT DAVID CAMACHO, POLICE DETECTIVE NATASHA YASIN, POLICE OFFICER "FNU" [FIRST NAME UNKNOWN] ALEXANDER, JOHN DOE #1, JOHN DOE # 2, JOHN DOE # 3, and JOHN DOES are sued individually and in their official capacity.

10. Defendants POLICE DETECTIVE MICHAEL DYE, POLICE SERGEANT DAVID CAMACHO, POLICE DETECTIVE NATASHA YASIN, JOHN DOE #1, JOHN DOE # 2, JOHN DOE # 3, and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command.  Defendants POLICE DETECTIVE MICHAEL DYE, POLICE SERGEANT DAVID CAMACHO, POLICE DETECTIVE NATASHA YASIN, JOHN DOE #1, JOHN DOE # 2, JOHN DOE # 3, and RICHARD ROES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE DETECTIVE MICHAEL DYE, POLICE SERGEANT DAVID CAMACHO, POLICE DETECTIVE NATASHA YASIN, JOHN DOE #1, JOHN DOE # 2,

JOHN DOE # 3, and RICHARD ROES are sued individually and in their official capacity.

## STATEMENT OF FACTS

11. At approximately 1:00 p.m. on January 30, 2016 Plaintiffs (who are domestic partners) got onto the # 6 bus at the Amsterdam Avenue and 155th Street stop.

12. JOHN DOE # 1 (a darker skinned male member of the NYPD) and JOHN DOE # 2 (a lighter-skinned, possibly Hispanic, male member of the NYPD), both in plain clothes, got on the bus as well.

13. On information and belief, Defendant DYE is either JOHN DOE # 1 or JOHN DOE # 2.

14. JOHN DOE # 1 and JOHN DOE # 2 - without any lawful justification - told Plaintiffs to get off of the bus, and Plaintiffs did so.

15. Once Plaintiffs got off of the bus, JOHN DOE # 1 and JOHN DOE # 2 pushed them against a wall.

16. JOHN DOE # 1 then reached down Plaintiff SOSA's pants, and felt her vagina, and also felt under her bra, despite Plaintiff SOSA's protestations against this shocking violation of the most intimately private parts of her body and her personal autonomy.

17. JOHN DOE # 2 also searched down the pants of Plaintiff ESPINAT, and also felt her vagina, despite Plaintiff ESPINAT's protestations against this shocking violation of the most intimately private parts of her body and her personal autonomy.

18. Neither of Plaintiffs had any contraband on them, and no contraband was recovered by JOHN DOE # 1 and JOHN DOE # 2.

19. JOHN DOE # 1 and JOHN DOE # 2 insisted that Plaintiff SOSA had marijuana

on her.

20. Plaintiff SOSA told JOHN DOE # 1 and JOHN DOE # 2 that she did not have marijuana on her.

21. JOHN DOE # 2 said to JOHN DOE # 1, in sum and substance, "let's let them go – they have nothing."

22. JOHN DOE # 1 responded, in sum and substance, "we gotta find something."

23. JOHN DOE # 1 and JOHN DOE # 2 handcuffed Plaintiff SOSA with excessively and punitively tight handcuffs, and placed her into a police van.

24. JOHN DOE # 1 and JOHN DOE # 2 also handcuffed Plaintiff ESPINAT, for approximately twenty minutes after removing Plaintiffs from the bus, but she was released from their custody at the scene.

25. Plaintiff SOSA was driven around, in pain from the excessively tight handcuffs, by JOHN DOE # 1 and JOHN DOE # 2 for hours in the police van, which stopped at various other locations before taking her to an NYPD Precinct, on information and belief the NYPD 33rd Precinct.

26. Plaintiff SOSA complained repeatedly while in the police van about the pain she was being caused by the excessively tight handcuffs.

27. JOHN DOE # 1 and JOHN DOE # 2 responded to Plaintiff's complaints by telling her to shut up.

28. At the NYPD 33rd Precinct Plaintiff SOSA was placed into a holding cell.

29. A short time after being placed into the holding cell, JOHN DOE # 3 (a female member of the NYPD, who on information and belief is Defendant BYRNES) took Plaintiff

SOSA to the precinct's bathroom, and illegally strip searched her.

30. Plaintiff SOSA was made to take off every article of her clothing in the bathroom, and squat and cough, by JOHN DOE # 3.

31. Plaintiff also had to put her hands against the wall and spread her labia so that her vagina could be visually inspected by JOHN DOE # 3.

32. Still not satisfied, JOHN DOE # 3 with her own gloved hands spread Plaintiff SOSA's buttocks apart, and the sides of Plaintiff SOSA's labia apart, and further inspected Plaintiff SOSA's vagina, and Plaintiff SOSA's rectum.

33. Plaintiff SOSA had not done or said anything at all to indicate that there was contraband hidden in her body cavities, and there was no possible justification for this further egregious violation of the most private and intimate parts of her body and her personal autonomy.

34. According to handwritten notes in Defendant DYE's case file (and in Defendant CAMACHO'S memo book), Defendant POLICE OFFICER "FNU" [FIRST NAME UNKNOWN] ALEXANDER strip searched Plaintiff SOSA along with Defendant BYRNES.

35. After she was stripped searched Plaintiff SOSA continued to be held at the precinct for another approximately four to five hours, and was then transferred to Manhattan Central Booking.

36. The following day, in the late morning, Plaintiff SOSA was arraigned and bail was set.

37. Plaintiff SOSA was wrongfully charged with Tampering with Physical Evidence in violation of Penal Law § 215.40(2).

38. The deponent on the Criminal Court Complaint lodged against Plaintiff SOSA

was Defendant DYE, from the NYPD Narcotics Borough Manhattan North, who falsely alleged, under penalty of perjury, that he was informed by Defendant BYRNES that Defendant BYRNES observed Plaintiff inside of the NYPD 33rd Precinct following Plaintiff's arrest, and that she observed Plaintiff contorting her legs and hips to move a small plastic object into her vagina, and that Defendant BYRNES was able to smell an odor that she knew to be the odor of marijuana, and that Defendant BYRNES then approached Plaintiff SOSA and that Defendant BYRNES did not recover anything from Plaintiff SOSA's vaginal area.

39. These allegations (except for the lack of recovery of any contraband from Plaintiff SOSA's vaginal area) are lies.

40. Plaintiff SOSA did not contort her legs and hips in any way suggestive of an attempt to move a small plastic object (or anything else) into her vagina, and there was no odor of marijuana emanating from Plaintiff SOSA (from her vagina or anywhere else on her person).

41. Because Plaintiff SOSA was unable to make bail, she was remanded to Rikers Island.

42. Plaintiff SOSA was held at Rikers Island for the next six days, and then released from custody.

43. Plaintiff SOSA had to go back to Criminal Court approximately three times to defend herself against the false charge that had been lodged against her.

44. The false charge against Plaintiff SOSA was dismissed on September 15, 2016 on the motion of the New York County District Attorney's office.

45. DETECTIVE NATASHA YASIN (who was on January 30, 2016 working as Undercover Officer #UC0093) lied on an NYPD "Complaint Follow-Up Informational" report

about Plaintiff SOSA's activities that day, including that she had seen Plaintiff SOSA accept an object from another individual who was also arrested, and place that object in Plaintiff SOSA's crotch area.

46.    DETECTIVE NATASHA YASIN also states in that report that she alerted her field team concerning these false allegations against Plaintiff SOSA.

47.    DETECTIVE NATASHA YASIN also states in that report that she thereafter saw Plaintiff SOSA in the custody of the field team.

48.    Defendant CAMACHO is listed as the "Supervisor Approving" on the NYPD arrest report generated concerning Plaintiff SOSA's arrest.

49.    Defendant CAMACHO was also the supervisor of the "Buy and Bust Operation" which was being implemented when Plaintiffs were arrested.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

50.    The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

51.    By their conduct and actions in falsely arresting and imprisoning, assaulting and battering, unlawfully searching (including strip searching) and seizing, wrongfully prosecuting, abusing process against, violating the rights to due process of, failing to intercede on behalf of, violating and retaliating for the exercise of free speech of, and fabricating an account and /or evidence with regard to, Plaintiffs, Defendants POLICE DETECTIVE MICHAEL DYE, POLICE OFFICER ISABELLA BYRNES, POLICE SERGEANT DAVID CAMACHO,

POLICE DETECTIVE NATASHA YASIN, POLICE OFFICER "FNU" [FIRST NAME UNKNOWN] ALEXANDER, JOHN DOE #1, JOHN DOE # 2, JOHN DOE # 3, and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

52. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, garden-variety emotional distress, humiliation, costs and expenses, and were otherwise damaged and injured.

## SECOND CLAIM

### SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

53. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

54. By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers Defendants POLICE DETECTIVE MICHAEL DYE, POLICE SERGEANT DAVID CAMACHO, POLICE DETECTIVE NATASHA YASIN, JOHN DOE #1, JOHN DOE # 2, JOHN DOE # 3, and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its First, Fourth and Fourteenth amendments.

55.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, garden-variety emotional distress, humiliation, costs and expenses, and were otherwise damaged and injured.

### THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

56.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

57.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

58.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employee police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

59.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up

of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

60. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of purposely not recording interactions transmitted over "kel" microphones and audio transmission devices, and of not videotaping encounters, as part of buy and bust operations, in order to enhance their ability to fabricate false accounts and evidence with impunity against arrestees without consequences. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

61. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech and association when police officers take affront to such lawful protected activity including where individuals express verbal criticism of police conduct or question the propriety of police conduct. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

62. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and frisks, and arrests, which are implemented disproportionately upon black and Latino /

Latina people. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

63. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of unreasonably and excessively prolonging the transport of arrestees in their custody. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

64. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in illegal and invasive searches, including strip searches. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

65. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of using excessively tight handcuffs to punitively inflict pain and injury upon arrestees. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

66. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, garden-variety emotional distress, humiliation, costs and expenses, and were otherwise damaged and injured.

## FOURTH CLAIM

## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

67.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

68.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers / supervisors, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff SOSA pursuant to the state common law doctrine of respondeat superior.

69.     As a result of the foregoing, plaintiff SOSA was deprived of her liberty, suffered bodily injury, pain and suffering, garden-variety emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

## MALICIOUS PROSECUTION

70.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

71.     By the actions described above, defendants maliciously prosecuted plaintiff SOSA without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff SOSA and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72. As a result of the foregoing, plaintiff SOSA was deprived of her liberty, suffered bodily injury, pain and suffering, garden-variety emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the Plaintiffs demand the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
           May 18, 2018

                                                                  /S/   Jeffrey A. Rothman
                                                      JEFFREY A. ROTHMAN, Esq.
                                                      Law Office of Jeffrey A. Rothman
                                                      315 Broadway, Suite 200
                                                      New York, New York 10007
                                                      (212) 227-2980

                                                      Attorney for Plaintiffs